## BANKRUPTCY OF HAMILTON JOHNSON.

### BEFORE BICKERTON, J.

### DECISION RENDERED FEBRUARY 9, 1892. NOT HITHERTO REPORTED.

Sec. 14. Ch. 35, Laws of 1884, which provides that the bankrupt shall be divested of all of his property "except the necessary clothing of himself and family and such other necessaries, not to exceed the value of Three Hundred Dollars, as the Justice may designate," means that the clothing and such other necessaries together shall not exceed the value of Three Hundred Dollars, and that it may be as much less as the Justice may order, he being guided by the circumstances of the case.

A Justice sitting in bankruptcy has no jurisdiction to hear a claim of the bankrupt's wife to property held by the assignee, and alleged to be the wife's separate property.

### DECISION OF BICKERTON, J.

This is a motion of the bankrupt to exempt certain articles and chattels under Section 14 of Chapter 35, Laws of 1884, which is as follows:

"The bankrupt shall be divested of all his title and interest in his property from the day of his failure (except the necessary

clothing of himself and family) and such other necessaries, not to exceed the value of Three Hundred Dollars, as the Justice may designate."

It is contended that the limit of Three Hundred Dollars only applies to articles outside and independent of the necessary clothing of himself and family. I do not so understand the law. I hold that the law means that the clothing and such other necessaries, together and as a whole, shall not exceed the value of Three Hundred Dollars, and that it may be as much less as the Justice may order, he being guided by the circumstances of the case. This statute is evidently intended to provide for families who may of necessity be keeping house, so that they may not be entirely divested of their necessary clothing, and what may be necessary for them in the way of furniture, etc., etc.; it is not an exemption by right, and must be controlled by circumstances.

The bankrupt's family consists of himself and wife, they now being in the employ of the Hawaiian Hotel Company, and not keeping house for themselves.

The household effects, such as furniture, etc., etc., now in possession of the assignee, were used by the bankrupt in carrying on his business as hotel keeper or lodging house keeper, and were his stock in trade as much as the general stock of any store keeper. The creditors are entitled to all the assets except what may be absolutely necessary for the use of the bankrupt. The bankrupt has no right to a lot of articles which he may turn into money directly they are, by an order of the court, made exempt and released. From the evidence of the bankrupt himself, I find the value of his own and his wife's clothing, now in their possession, to be about $140, which would seem to be a low estimate; and the value of his wife's jewelry to be about $40, and his own about $100, total, $280. The said jewelry is not in the possession of the assignee, but is held by the bankrupt and his wife. I, therefore, have to decline to order the release of any of the articles named in the list filed with the motion.

A motion was made at the same time as the above, on behalf of Mrs. Johnson, the bankrupt's wife, claiming the exemption of

a long list of articles as being her own separate property, some acquired before the Act of 1888 "relating to the property and rights of married women," and some after that Act became law, they being now held by the assignee as assets of the bankrupt estate. I do not find anything in the bankrupt law which gives me jurisdiction in this matter. It is not a claim of the bankrupt himself. If Mrs. Johnson has a claim against the assignee for goods wrongfully held by him, and he refuses to recognize it, she will have to sue him in the same manner as any other person would have to do under similar circumstances.

After the hearing in this matter, the assignee and Mrs. Johnson filed an agreement to submit this claim to me as an arbitrator. This I cannot consent to. There is quite an important question involved under the Act of 1888, and, as a Justice of this Court, I would not be willing to pass on it except in my judicial capacity. This agreement does not conform to the requirement of the statute which provides for the settlements of disputes by arbitration. Comp. Laws, pp. 271 to 273. A submission on a case agreed is also open to the parties.

*J. M. Davidson*, for bankrupt and wife.

*F. M. Hatch*, for assignee.